IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 3-03-CR-101-P |
| | ) | (3-04-CV-1507-P) |
| BOBBY RAY COX | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court filed on April 15, 2005, referred this action to the magistrate judge for an evidentiary hearing and recommendation, the findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Statement of the Case: On June 25, 2003, Cox pled guilty to Count 6 of the indictment returned in Cause No. 3-03-CR-101-P. Thereafter he was sentenced to a term of 44 months imprisonment followed by a term of supervised release. No timely appeal was effected. Cox subsequently filed a pro se notice of appeal which was dismissed by the Fifth Circuit because the same was untimely. Thereafter Cox filed the present § 2255 motion on July 12, 2004. Following the filing of the government's response to the motion and additional pleadings having been filed and it appearing that the motion raised contested issues of fact requiring an evidentiary hearing, the District Court referred the motion to the magistrate judge. Upon receipt of the District Court's order of reference the undersigned appointed Stuart E. Parker as counsel for Mr. Cox and scheduled an

evidentiary hearing for June 24, 2005. However, prior to the hearing Cox, through his counsel, and the government, through its Assistant United States Attorney, filed an agreed recommendation on June 16, 2005, which obviated the necessity of an evidentiary hearing.

Findings and Conclusions: In his motion Cox alleged inter alia that the sentence imposed by the court exceeded the maximum term of imprisonment under the punishment range imposed by the 2002 edition of the United States Sentencing Guideline Manual by reason of the fact that the District Court erroneously relied upon the calculation of the guideline range under the November 2000 edition of the United States Sentencing Guideline Manual. In light of the agreed recommendation of the parties the magistrate judge finds that Cox is entitled to relief to the extent that he is entitled to be re-sentenced by the District Court pursuant to his previously entered guilty plea to Count 6 of the indictment.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court order Cox to be produced in District Court for the purpose of re-sentencing him upon his previously entered plea of guilty to

Count 6 of the indictment in 3-03-CR-101-P.[1]

    A copy of this recommendation shall be transmitted to counsel for the parties.

    SIGNED this 23rd day of June, 2005.

*Wm. F. Sanderson, Jr.*

———————————————————
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] The magistrate judge makes no recommendation as to whether a new or amended PreSentence Investigation Report should be made prior to Cox's re-sentencing.